IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON L. WIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-1413 |
| vs. ) | |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. | |

ORDER

AND NOW, this 3rd day of November 2022, the Court has considered the parties' summary judgment motions and will order judgment in Defendant's favor except as to costs.[2] The Administrative Law Judge's ("ALJ") decision finding Plaintiff's disability ended on January 1, 2018, and that Plaintiff had not become disabled again since that date, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[3]

---

[1] Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d). There is no impact on the case. 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect the substitution.

[2] Defendant has asked not only for a favorable determination of her summary judgment motion, but also that costs be taxed against Plaintiff. Because the latter request is not supported by argument in her accompanying brief, the Court's Order excludes an award of costs. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[3] Plaintiff was previously found to be disabled due to diabetic neuropathy as of October 30, 2002 and received benefits from 2003 to 2018. (R. 15, 67). Upon periodic review, the Social Security Administration ("SSA") found Plaintiff to be no longer disabled as of January 1, 2018. (R. 15). That decision was upheld on reconsideration and Plaintiff sought a hearing before an ALJ who returned an unfavorable decision. (R. 15, 27). Before the Court, Plaintiff purports to raise at least four arguments challenging that decision, which became the final agency decision in this matter when the Appeals Council denied his request for review (R. 1). 20 C.F.R. § 404.981. For the reasons explained herein, the Court will affirm the agency's final decision.

The Court reviews this decision to determine whether the findings therein are supported by "substantial evidence" and to ensure there are no errors of law. *Biestek*, 139 S. Ct. at 1152;

*Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (citation omitted). Substantial evidence is not a demanding evidentiary standard. *Biestek*, 139 S. Ct. at 1154. It requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," that is "more than a mere scintilla." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The decision subject to the Court's review in this instance is a decision finding Plaintiff to be no longer disabled after a continuing disability review ("CDR") pursuant to 20 C.F.R. § 404.1589. When a CDR results in termination of benefits, the claimant may challenge that decision. *Id.* § 404.1597. An ALJ considering a claimant's challenge to an unfavorable re-evaluation of his or her disability "uses a sequential evaluation process similar to the one used initially in determining whether a claimant is disabled." *Dorgan v. Saul*, No. CV 19-919, 2021 WL 663200, at *2 (W.D. Pa. Feb. 19, 2021); 20 C.F.R. § 404.1594(f).

At step one of the eight-step sequential evaluation process, the ALJ asks "whether the claimant is currently engaging in substantial gainful activity [("SGA")]." *Dorgan*, 2021 WL 663200, at *2. If the claimant is engaged in SGA, disability will be denied. *Id.* For a claimant who is not engaged in SGA, the ALJ "must determine whether the claimant's impairments meet or equal the criteria for a listed impairment." *Id.* If the claimant's impairments do not satisfy criteria for a listed impairment, then the ALJ must decide "whether there has been medical improvement in the claimant's impairments compared to the 'comparison point decision,'" which is "the most recent favorable finding that the claimant is disabled." *Id.* If there is medical improvement, the ALJ moves to step four, but if not, the ALJ moves to step five. *Id.* At step four, the ALJ determines whether a claimant's medical improvement "is related to the claimant's ability to work." *Id.* at *3. If the medical improvement is related to work ability, then the ALJ must determine at step six "whether the claimant's current impairments are 'severe.'" *Id.* If the claimant has a severe impairment(s), then the analysis proceeds to steps seven and eight where the ALJ makes a finding of the claimant's residual functional capacity ("RFC") to determine whether it permits a return to past relevant work, or whether it and the claimant's other vocational characteristics permit adjustment to "other available work in the national economy." *Id.* If the claimant is capable of "such work, he or she is no longer disabled." *Id.*

In this matter, the ALJ determined that Plaintiff had not been engaged in SGA and that he continued to have the same medically determinable impairment as he had at the time of the 2003 comparison point decision. (R. 17). The ALJ further found that Plaintiff had not acquired any additional severe impairments, though he had developed several non-severe impairments. (*Id.*). These other impairments included "[s]tatus post-hip fracture surgery, major depressive disorder, and generalized anxiety disorder." (*Id.*). Considering Plaintiff's impairments, the ALJ determined that Plaintiff had no "impairment or combination of impairments which met or medically equaled the severity of" a listed impairment. (R. 20). Next, the ALJ found medical improvement related to Plaintiff's ability to work and assessed Plaintiff's RFC to include light work with limitations such as requiring that Plaintiff have "the opportunity to alternate sitting and standing every thirty minutes." (R. 21, 25). Because Plaintiff had no past relevant work, the ALJ considered whether Plaintiff's RFC and other vocational characteristics—age, education,

and work experience—permitted adjustment to other work.  He determined that Plaintiff "ha[d] been able to perform a significant number of jobs in the national economy" and thus found his disability had ended.  (R. 25—27).

Before the Court, Plaintiff has challenged that conclusion and has argued that the evidence of record proves he is no less disabled than he was at the time of his 2003 comparison point decision.  In furtherance of this general argument, Plaintiff has purported to more specifically argue that: (1) the ALJ failed to appropriately consider his age; (2) his 2019 injuries from two motor vehicle accidents ("MVA") were not afforded proper weight and should have been found to have exacerbated his pre-existing physical limitations; (3) the ALJ failed to consider his depression; and (4) there was not an adequate showing that work was available for an individual with his RFC, age, education, and work experience.  (Doc. No. 13, pg. 5).

Defendant has argued that Plaintiff waived these arguments by stating them with excessive brevity.  "Waiver . . . is the intentional relinquishment or abandonment of a known right."  *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).  While Defendant is correct that "conclusory assertions" do not adequately assist reviewing courts in their evaluation of a party's arguments, *Com. of Pa. Dep't of Pub. Welfare*, 101 F.3d at 945, the Court hesitates to infer an "intentional relinquishment" of the arguments in Plaintiff's brief.  *Brown v. Saul*, No. 2:19-CV-01590, 2020 WL 6566221, at *3 (W.D. Pa. Nov. 9, 2020) (quoting *Barna*, 877 F.3d at 147) (explaining that district courts may grant summary judgment even on grounds that are not raised by the parties so long as the parties are afforded "notice and an opportunity to be heard on the issue"); Fed. R. Civ. P. 56(f).  Defendant having addressed Plaintiff's contentions on their merits, the Court herein opts to address those arguments rather than finding that Plaintiff waived his challenges to the ALJ's decision.

Having considered Plaintiff's arguments, the Court has determined that these are merely requests to re-weigh evidence that the ALJ already considered toward the underlying decision.  Of course, the Court is not empowered to "re-weigh the evidence or impose [its] own factual determinations."  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).  Plaintiff's first argument—that the ALJ failed to appropriately consider his age—is flatly contradicted by the decision wherein the ALJ considered that Plaintiff "was an individual closely approaching advanced age," *i.e.*, an individual age 50—54 pursuant to 20 C.F.R. § 404.1563(d).  (R. 26).  Plaintiff's argument that the ALJ failed to give proper weight to his injuries from two MVAs in 2019 must also fail.  The ALJ specifically considered Plaintiff's injuries arising from those accidents but found only non-severe impairments.  (R. 17—18).  In support of that finding, the ALJ reviewed the medical evidence related to Plaintiff's injuries and treatment and found that Plaintiff's injuries "ha[d] not significantly limited the claimant's ability to engage in work activity."  (R. 18).  The ALJ subsequently considered Plaintiff's injuries (R. 22) with all the other relevant evidence in his formulation of Plaintiff's light-work RFC.  (R. 21).  Accordingly, Plaintiff's argument that the ALJ failed to afford appropriate weight to his MVA injuries is

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED as specified above.

s/ Alan N. Bloch<br>United States District Judge

ecf:    Counsel of Record

---

merely a request for this Court to substitute its own evaluation of those injuries and their limiting effect(s) for that of the ALJ. That request is incompatible with the deferential standard of review applicable here.

Likewise, Plaintiff's argument that the ALJ failed to consider his depression is just an expression of Plaintiff's dissatisfaction with findings the ALJ drew from the evidence. The ALJ specifically acknowledged Plaintiff suffered from major depressive disorder but found that this was a non-severe impairment because it caused him no more than mild limitations. (R. 17, 19). Plaintiff points to no evidence of functional limitations arising from Plaintiff's non-severe impairment of depression that the ALJ overlooked; therefore, the Court finds Plaintiff's argument that the ALJ failed to account for his depression to be meritless.

Plaintiff's final argument—that the ALJ failed to show there was work available for an individual with his RFC and vocational characteristics (especially age)—appears to be a restatement of his other arguments. It, like Plaintiff's other arguments, is unavailing. The ALJ relied on a vocational expert's ("VE") testimony that an individual with Plaintiff's RFC, "age, education, [and] work experience" could meet the work requirements of at least three occupations that corresponded to over 90,000 jobs nationally. (R. 26—27, 60—61). The Court having found no error in the ALJ's formulation of Plaintiff's RFC, and the ALJ having accurately presented Plaintiff's RFC and vocational characteristics to the VE, it was appropriate for the ALJ to rely on the VE's testimony about the work that would be available to Plaintiff. *Plummer v. Apfel*, 186 F.3d 422, 431 (3d Cir. 1999) ("The vocational expert's testimony was in response to a hypothetical that fairly set forth every credible limitation established by the physical evidence. As such, it can be relied upon as substantial evidence supporting the ALJ's conclusion that [the claimant] is not totally disabled."). Accordingly, the ALJ's decision is supported by substantial evidence. For this and the foregoing reasons, the Court will award judgment to Defendant and affirm the underlying decision.